FILED

FEB 2 7 2003

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff                   )
                                    )
        v.                          )      Civil No. _____
                                    )
TODD M. HAWK a/k/a Todd Hawk;       )      4:03-CV-70112
ANNETTE L. HAWK a/k/a Anne          )
Hawk a/k/a Annette Lynn Hawk;       )
MCKENZIE CHECK ADVANCE OF           )
IOWA, LLC d/b/a National Cash       )
Advance; STATE OF IOWA,             )
                                    )
        Defendants                  )

<u>COMPLAINT</u>

        Comes now the plaintiff by Steven M. Colloton, United States Attorney for the Southern

District of Iowa, and Inga Bumbary-Langston, Assistant United States Attorney for said District, and

for its cause of action alleges:

        (1)     This is a civil action brought by the United States of America under the provisions

of 28 U.S.C. § 1345.

        (2)     Service may be made in the following manner:

        (a)     Upon defendants Todd M. Hawk a/k/a Todd Hawk; Annette L. Hawk a/k/a

Anne Hawk a/k/a Annette Lynn Hawk (borrowers), by delivering a copy of the summons and

complaint to each of them at 606 Brookwood, Indianola, Iowa 50125, within the jurisdiction of this

court.

(b)      Upon defendant McKenzie Check Advance of Iowa, LLC d/b/a National Cash Advance, by delivering a copy of the summons and complaint to its registered agent, National Registered Agents, Inc. at 604 Locust St., Suite 222, Des Moines, Iowa 50309.

(c)      Upon defendant State of Iowa, by delivering a copy of the summons and complaint to Kevin Parker, County Attorney, at Warren County Courthouse, Indianola, Iowa 50125, and mailing a copy of the summons and complaint by certified mail to the Attorney General for the State of Iowa, 2nd Floor, Hoover State Office Building, Des Moines, Iowa 50319.

(3)      On or about April 5, 1994, the defendants, Todd M. Hawk and Annette L. Hawk, executed and delivered to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay the plaintiff the sum of $71,260.00 with interest thereon at 6.5 percent per annum. As consideration for said note, the plaintiff made a Rural Housing loan to said defendants pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).  A true and correct copy of said note is annexed hereto as Exhibit A.

(4)      At the same time and place and as part of the same transaction, to secure the payment of said note, the defendants, Todd M. Hawk and Annette L. Hawk, executed and delivered to the plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Warren County, Iowa, within the jurisdiction of this Court, to-wit:

> All that part of Lot 25 lying Northerly of a line whose Southeasterly end is South 14°34'11" West 43.54 feet of the East corner of said Lot 25 and the Northwesterly end of said line is 90.47 feet Southwesterly of the North corner of said Lot 25 as measured along the street right-

of-way line Rolling Hills Subdivision, Part 1, Indianola, Warren County, Iowa.

Said mortgage was recorded in the office of the Recorder of Deeds of Warren County, Iowa, on April 5, 1994, in Book 359 at Page 778.  A true and correct copy of said mortgage is annexed hereto as Exhibit B.

(5)    On June 14, 1999, Todd Hawk and Annette Hawk (borrowers) signed a reamortization agreement, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $72,333.43 at 6.5 percent per annum.  A true and correct copy of the reamortization agreement is annexed hereto as Exhibit C.

(6)    Plaintiff is the owner and holder of said promissory note, real estate mortgage, and reamortization agreement, Exhibits A, B, and C hereto.

(7)    The defendants, Todd M. Hawk and Annette L. Hawk, have failed to pay plaintiff installments of principal and interest when due in violation of the provisions of said note, mortgage, and reamortization agreement.  The plaintiff has accelerated said indebtedness and made demand for payment in full.  No payment has been received.

(8)    Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162, the real estate mortgage, Exhibit B hereto, also secured the recapture of interest credit or subsidy granted to the defendants, Todd M. Hawk and Annette L. Hawk.  The total amount of interest credit or subsidy subject to recapture is $192.00.

(9)    The defendants, Todd M. Hawk and Annette L. Hawk, owe plaintiff in rem, under the provisions of the promissory note, real estate mortgage, and reamortization agreement, a balance

3

of $72,696.06 principal; $6,221.14 interest as of October 18, 2002, plus interest accruing thereafter at the daily rate of $12.9435; $192.00 interest credit or subsidy subject to recapture.

(10)    No other action has been brought for the recovery of said sum or any part thereof, nor has said sum or any part thereof been paid except as indicated above.

(11)    The plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

(12)    The following defendants may claim an interest in the real estate described herein at paragraph (4) as indicated below:

(a)    McKenzie Check Advance of Iowa LLC d/b/a National Cash Advance may claim an interest pursuant to a judgment against Annette Lynn Hawk granted in case number SCSCO17421 in Warren County, Iowa.

(b)    State of Iowa may claim an interest pursuant to possible unpaid court costs assessed and included in a judgment filed against Annette Lynn Hawk in Cause No. SCSCO17421 in Warren County, Iowa.

(13)    The interests of all of the defendants herein are junior and inferior to the interests of plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants, Todd M. Hawk and Annette L. Hawk, in rem in the amount of $72,696.06 principal; $6,221.14 interest as of October 18, 2002, plus interest accruing after that date of $12.9435 per day to the date of judgment herein, together with interest at the legal rate thereafter; and $192.00 interest credit or subsidy subject to recapture; plus the costs of this action.

Plaintiff further demands that its mortgage be declared a first and paramount lien on the property described therein and that such advances as the plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on said security.

Plaintiff further demands that all legal right, title and interest which said defendants have in the property described herein at paragraph (4) be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that said sale be subject to any unpaid real property taxes or special assessments, and that out of the proceeds arising from said sale there be satisfied in the following order as far as the same shall be sufficient:

(1)    Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)    The costs of said sale and of this action;

(3)    The interest accruing on plaintiff's in rem judgment against the defendants, Todd M. Hawk and Annette L. Hawk;

(4)    Plaintiff's in rem judgment against the defendants, Todd M. Hawk and Annette L. Hawk; and

(5)    The balance thereof, if any, be brought into the Court to await its further order.

Plaintiff further demands that all right, title, and interest in and to said real estate of the defendants, Todd M. Hawk and Annette L. Hawk, and of all persons claiming by, through or under them be decreed to be junior and inferior to the plaintiff's mortgage and be absolutely barred and foreclosed.

If the purchaser of said real estate be denied possession thereof, plaintiff prays that a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe therefor and without further order of the Court to place the purchaser of said real estate in peaceable possession thereof.

Respectfully Submitted,

Steven M. Colloton
United States Attorney

By:     _Inga Bumbary-Langston_

Inga Bumbary-Langston
Assistant United States Attorney
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 284-6480
Fax: (515) 284-6492
Email: inga.bumbary-langston@usdoj.gov

6

Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN |
|---|
| RH 502 |
| NONFARM TRACT |

| STATE | IOWA |
|---|---|
| COUNTY | WARREN |
| CASE NO. | |
| 16-91-435 17 5585 | |

Date ____APRIL 5_____, 19_94_.

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

____INDIANOLA, IOWA_____

THE PRINCIPAL SUM OF ____SEVENTY-ONE THOUSAND TWO HUNDRED SIXTY & NO/100----

DOLLARS ($__71,260.00_____), plus INTEREST on the UNPAID PRINCIPAL of

_SIX & ONE-HALF_____ PERCENT (___6.50____%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I. Principal and Interest payments shall be deferred. The interest accrued to _____, 19___ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19___, through _____, 19___, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III. Payments shall not be deferred. Principal and Interest shall be paid in ___396_____ installments as indicated in the box below:

$_438.00_____ on ____MAY 5_____, 19_94_, and
$_438.00_____thereafter on the __5TH___ of each __MONTH___ until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE _THIRTY-THREE_ (___33____) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclo   ccurate and truthful financial information m    esult in the termination of program assistance currently being received.    d the denial of future program assistance unde   DA's Debarment regulation 7 CFR

▸ Presentment, protest and notice are hereby waived.

                                                                    (SEAL)
TODD M. HAWK                    (BORROWER)

                                                                    (SEAL)
ANNETTE L. HAWK                 (CO-BORROWER)

606 BROOKWOOD

INDIANOLA, IOWA  50125

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $71,260.00 | 4/5/94 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

Form FmHA 1927-1 IA
(Rev. 2-93)

# REAL ESTATE MORTGAGE FOR IOWA

THIS MORTGAGE is made and entered into by _____ **Todd M. Hawk and**

_____ **Annette L. Hawk, Husband and Wife** _____

residing in _____ **Warren** _____ County, Iowa, whose post office address is

__ **606 Brookwood,  Indianola** _____ , Iowa __ **50125** ,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration. United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows :

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 4/5/1994 | $71,260.00 | 6.50% | 4/5/2027 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. § 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

And this instrument also secures future advances made to anyone herein called borrower under a note or notes covering loans made or insured under the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, for the total principal indebtedness of the original, future loans and advances subject to the same terms and conditions regarding the assignment of said notes of hereinabove provided, and all references in this instrument to the "note" shall be deemed to include future notes and advances.

NOW, THEREFORE, in consideration of the loan(s), and as security for future loans pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration, and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby convey, mortgage, and assign unto the

Government the following property situated in the State of Iowa, County(ies) of _____ **Warren** _____

_____ :

_____

| | |
|---|---|
| INSTR. No. _____ **3056** | FILED FOR RECORD THE _____ **5** _____ DAY OF |
| RECORDING FEE $ _____ **21.00** | _____ **April** _____ 19 **94** AT **2:03** |
| TRANSFER FEE $ _____ | O'CLOCK __ **P** __ M. BOOK _____ **359** _____ PAGE _____ **778-781** _____ |

STATE OF IOWA, WARREN COUNTY:

**Judith K. Lathrop** _____ , Recorder

By _____ , Deputy

**All that part of Lot 25 lying Northerly of a line
whose Southeasterly end is South 14°34'11" West 43.54
feet of the East corner of said Lot 25 and the North-
westerly end of said line is 90.47 feet Southwesterly
of the North corner of said Lot 25 as measured along
the street right-of-way line ROLLING HILLS SUBDIVISION,
PART 1, Indianola, Warren County, Iowa.**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any·liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines. NOTICE: This mortgage secures credit in the amount of $71,260.00 Loans and advances up to this amount, together with interest, are senior to indebtedness to other creditors under subsequently recorded or filed mortgages and liens.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may, (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  Default hereunder shall constitute default under any other real estate, or under any personal property or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(16)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If as part of the consideration for this instrument the debt given an amount given is an amount given for the purchase of or for construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Des Moines, Iowa 50309, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

**(25) I(We) understand that homestead property is in many cases protected from the claims of creditors and exempt from judicial sale; and that by signing this contract, I voluntarily give up my right to this protection for this property with respect to claims based upon this contract.**

_____  4/5/94        _____ 4/5/94
Borrower          Date                    Borrower          Date
Todd M. Hawk                              Annette L. Hawk

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____5th_____ day

of ____April____, 19 _94_ .

_____ (SEAL)
Todd M. Hawk

_____ (SEAL)
Annette L. Hawk

STATE OF IOWA      }
                   } ss:      ACKNOWLEDGMENT
COUNTY OF ____Warren____ }

On this ____5th____ day of ____April____ A. D., 19 _94_ ,

before me, a Notary Public in and for the above-named County, personally appeared _____

____Todd M. Hawk____ and ____Annette L. Hawk____ ,

to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

____they____ executed the same as ____their____ voluntary act and deed.

(SEAL)

My commission expires ____Jan. 10, 1996____

_____
Notary Public.

# REAMORTIZATION AGREEMENT



Account Number                    Effective Date
   2291036                           June 5, 1999

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $ 71260.00, plus interest on the unpaid principal of 6.50000% per year, executed by TODD M HAWK and ANNETTE L HAWK , (Borrower) dated April 5, 1994 and payable to the order of the Lender. The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees. The total outstanding balance is $ 72333.43.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at 6.50000% per annum at $ 469.00 per month beginning July 05, 1999 and on the 5th day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on April 05, 2027.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount. If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require

EXHIBIT C

borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____  Date 6-14-99
Borrower

_____  Date 6/14/99
Borrower